UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,       CASE NO.  99-6266-CR-MIDDLEBROOKS
                                          00-6127-CR-MIDDLEBROOKS
     Plaintiff,                 MAGISTRATE JUDGE SNOW

vs.

STANLEY LERNER,

     Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT,
SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF SENTENCING
MITIGATION**

COMES NOW the Defendant, STANLEY LERNER, by and through his undersigned counsel and files this his Objections to the Presentence Investigation Report (PSR) and submits his Sentencing Memorandum and states as follows:

1. Defendant objects specifically to the content of Paragraphs 23 and 24 to the extent that he has no knowledge of the activities of either Mr. Christenson, Mr. Kratenstein and/or others as it pertains to the property referred to in Highlands County.

2. Defendant objects to Paragraph 26 in that he has no knowledge of the collection of rents nor any purported violation



nor knowledge of any of the specific allegations and/or facts alleged as to Paragraph 26.

3. Defendant objects to that portion of Paragraph 31 which suggests that he was a licensed mortgage broker in that he was not licensed but rather was working as a loan officer under the supervision of co-defendant, Joseph Pinto, Jr., who was the principal of First Financial Of Boston, Inc. and who held the requisite mortgage license. Mr. Lerner further states that all documents and material submitted by him were while he was being supervised and/or acting under the approval of Mr. Pinto.

4. Defendant objects to the content of Paragraph 35 to the extent that he has no familiarity nor knowledge of the activities of others in the Highlands County transaction and did not participate with any of his co-defendants in said action and that same occurred prior to his joining the conspiracy.

5. Defendant objects to that portion of Paragraph 27 pertaining to the issues regarding Highlands County since he has no knowledge of those activities.

6. Defendant objects to that portion of Paragraph 47's next to last sentence indicating that "Lerner altered whatever documents buyers needed to obtain a loan." The Defendant submits that he at no time altered any documents submitted by buyers. It may be a

question of symantecs, however, the Defendant submits that this did not occur.

7. Defendant objects to Paragraph 55 in that there does not exist any §2F1.1(b)(6)(C). It is presumed that this is a typographical error and that which was intended by the United States Probation Office representative was to seek enhancement under §2F1.1(b)(5)(C). Defendant objects to this enhancement since the use of straw buyers did not utilize fictitious entities, corporate shells or offshore bank accounts which would ordinarily indicate sophisticated means. Further, the conduct as alleged in the scheme was not significantly more complex or intricate than the conduct that the Government utilizes to form the basis for prior enhancement under Paragraph 4 for more than minimal planning under §2F1.1(b)(2)(A). This Defendant further contends that the actions in enhancing him both two (2) levels for more than minimal planning and scheme to defraud as well as for offense involving sophisticated means under the facts and circumstances of this case constitutes double counting and unnecessarily enhances his Adjusted Offense Level.

8. The Government has conceded in its own Sentencing Memorandum that Christenson's scheme and artifice could not have been accomplished without the nonfeasance of others. It is

suggested by the Government that there is further evidence to support that the private mortgage lenders in some banks in their quest to close fast and make money, either sidestepped their own internal controls or were plainly lax. The fact that these circumstances existed and were criminally exploited does not in and of itself constitute an overly sophisticated activity. It is respectfully submitted that "sophisticated means" deals with blocking strategies as is suggested by the commentary that the transactions themselves are hidden by the use of shells and offshore bank accounts.

9. The Defendant objects to Paragraph 59 and the Adjusted Offense Level and respectfully submits, based upon the prior objection to Paragraph 55, that the Adjusted Offense Level should not exceed 23.

10. Defendant objects to Paragraph 63 to the extent that his objection to Paragraphs 25 and 59 above should reflect a Total Offense Level of 19.

11. Defendant objects to Paragraph 114 to the extent that the Total Offense Level of 22 should not be applied, but rather that of 19 in that the guideline imprisonment range should not be 41 to 51 months but rather as a Total Offense Level 19 should be 30 to 37 months.

## SENTENCING MEMORANDUM AND
## BRIEF IN SUPPORT OF SENTENCING MITIGATION

### Opening Comments

It is the duty of all defense attorneys in preparing for sentencing to not only provide assistance to the United States Probation Office during the presentence investigation, but also to present the personal perspective of the Defendant for the purpose of mitigating a sentence. These duties are in addition to the lawyer's traditional role as advocate and are indeed an extension of that role.

It is not the intent of this report to duplicate the Government's presentence investigation, but is meant to supplement it in a manner that will be consistent with the Court's needs in obtaining a complete perspective on the Defendant prior to imposing a sentence.

The Probation Office has no legal duty to advise the Court of any pertinent case law that may be supportive of a downward departure for mitigation in roll and/or responsibility. The review of case law is necessary, in conjunction with a defendant's criminal and personal history in order to determine if the Court will consider exercising similar or different creative departure considerations expressed throughout the federal court system. This

report is necessary to fill this gap in the sentencing process. Though the Plea Agreement and stipulation entered into by and between the parties reflects that the Defendant is not permitted to seek a sentence below that of twenty-four (24) months, it is clear that the Defendant as stated by the Government in its Memorandum has been fully and completely debriefed by them and it is respectfully submitted was the initial cooperating Defendant in this cause. It is further suggested that, upon the filing of a §5K1.1, the Court, of course, is always free to determine, upon its own review of facts and circumstances, the appropriate disposition consistent with the recommendation of the Government to impose a greater or lesser sentence.

The Defendant does not wish to shirk his responsibilities under the terms of the Plea Agreement but wishes the Court to be aware that the Agreements themselves had been entered into between the parties in excess of two (2) years ago. It is during those two years since the Defendant acknowledged in writing and long after he had been debriefed knowing that he would be incarcerated should be considered by the Court. Attached hereto and made a part hereof as Defendant's Exhibit 1 are acknowledgments from the Boys and Girls Clubs Of Broward County indicating that, for at least the past two years, Mr. Lerner has done what one might consider to be community

service and has been unselfish in his giving and care as a result of his involvement in the Kids In Control program which involves the bringing of police departments, fire departments and other civic organizations to the Boys Club and Girls Club. Mr. Lerner has further continued with treatment that has arisen due to the stress one suffers as a result of the anxiety and anxiousness over waiting for judgment day. That judgment day has now come. What we ask of this Court is to consider not only the Boys Club submission but also that of others that may have communicated with the Probation Office in support of Mr. Lerner.

The Government has determined in its loss calculation the value of the properties and it is respectfully submitted that in United States vs. Stewart, 22 F.3d 76 (3rd Cir. 1994), the Court recognized that it was appropriate for sentencing to address the application of the loss tables and that there exists circumstances in which strict application of those tables "can overstate the seriousness of the offense." Citing to U.S.S.G. §2F1.1 Application Note 10. In Stewart, the defendant was convicted of receiving stolen Government bonds with a face value of $129,000.00 and that amount was used in order to calculate his offense level. The defendant contended that the most that he could have received was $2,000.00 from the venture and that he should have no more than a

7

two-level enhancement under §2F1.1. The court noted that Stewart merely attacked the guideline application, he did not use his factual situation as the basis for a possible downward departure from his calculated offense level. The court found that the fair market value was the proper valuation method. While the Government evaluates and creates this loss concept of over $13,000,000.00 again does not set forth the "fair market value" of any of the properties in question. Instead, the Government would like this Court to believe that someone had walked away with $13,000,000.00. We know that the real property in question separate and apart from the structures upon which they were established have value. The real property upon which the structures were located as a raw land purchase continued to have value. The concept of the purported face value of the mortgages and then the values of the properties before the flip resulting in the purported loss does not deal with the concept of "fair market value". Are we to take fair market value to constitute the appraised value or do we consider a real buyer and real seller in determining what the fair market value should be? It is in this context that the Defendant respectfully suggests that the loss attributed is excessive and, at the very minimum, the Court has the authority to depart based upon the lack

of reliability and how the purported values and/or loss were determined.

Defendant's specific performance under the Plea Agreement in this case in cooperation with the Government prior to his indictment warrant departure. Stanley Lerner has fulfilled the obligations of his Plea Agreement and has cooperated with the Government. Though we are faced with more than one circumstance, what is significant about his cooperation is the fact that same began prior to his having been indicted in this cause. In a pre-Indictment initiative, this Defendant proffered information to the Government. In addition, the Defendant has proffered and provided cooperation post-Indictment as well. Though it is fully anticipated that the Government will file a 5K1.1, the Defendant still suggests that he has made a good faith effort to provide assistance to the Government and that, as evidenced by the two years since the execution of the Plea Agreement, has materially changed and has by his actions conformed to society's rules. The man before this Court is 68 years of age, severely asthmatic with some hypertension. It is respectfully requested that the Court exercise its abundant discretion.

It is finally respectfully requested by Mr. Lerner that the Court recommend to the Bureau Of Prisons that any sentence imposed

be served at Homestead so as to render him available to his wife and other family members.

    I HEREBY CERTIFY that a true and correct copy of the above has been furnished, by mail, this 20th day of February, 2001, to Jeffrey H. Kay, Esquire and Jeffrey N. Kaplan, Esquire, United States Attorney's Office, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, FL 33301; and to Georgann Stanley, United States Probation Office, 299 East Broward Boulevard, Room 409, Fort Lauderdale, FL 33301-1168.

                                              LYONS AND SANDERS CHARTERED
                                              Attorneys for Defendant
                                              600 NE Third Avenue
                                              Fort Lauderdale, FL 33304
                                              Telephone: (954)467-8700
                                              Facsimile: (954)763-4856

                                              BY _____
                                              HOWARD L. GREITZER
                                              FLORIDA BAR NO. 249505

# BOYS & GIRLS CLUBS OF BROWARD COUNTY

ADMINISTRATIVE OFFICE
1401 NORTHEAST 26TH SREET · FORT LAUDERDALE, FLORIDA 33305
(954) 537-1010 · FAX (954) 537-1070



BOYS & GIRLS CLUBS
OF BROWARD COUNTY

OFFICERS
Judith A. Avey, Chairman
Earl Morrall, President

VICE PRESIDENTS:
Michael McMullen, Finance
Garry Johnson, Personnel
Carl Mayhue, Endowment
Jon Krupnick &
Donald Medalie, Legal
Donald Medalie, Investments
James Cummings &
Charles Radice, Property Management
Nancy Knox, Program
Julie Berry, Public Relations
Ralph Marrinson, Long Range Planning
Rick Case, Honda Classic
Gary Rotella &
Ken Denison, Development
Alan Goldberg, Unit Boards
Ned D. Black &
Keith Bowman, Risk Management
Elizabeth Clark, Special Projects
William Rotella &
Linda Gill, Business & Industry
Kaye Pearson, WestFair
Ted Morse, Auto Show
Claudette Bonville &
Lawrence DeGeorge, Rendezvous
Elizabeth McDonald, Donor Auction
John Barbee, Treasurer
Dr. Harold Reitman, Secretary
Marilyn McDonald, President
Women's Division

BOARD OF DIRECTORS
Hugh Anderson
Bill Armstrong
John J. Avey, Jr.
Ron Bergeron
Mike Booner
Cy J. Case
Todd T. Catlette
John T. Cooney
George Cooper*
Steve Dechart
Robert W. Dhue
Andy Di Battista
Tim Elmes
John Fenley
Honorable C.M. Fines*
Michael A. Fischler
Susan Gaddis
Walter H. Gahagan, Jr.*
Deorse Giles
Imelda Gormley
Thomas Gruber
Barbara Hall
J. William Harifin
John P. Hart
Michael J. Held
Dr. Robert Helmholdt
Paul B. Henry
H. Wayne Huizenga
Marti Huizenga
Floyd Johnson
Comm. Ilene Lieberman
O. Mike Marinelli*
Mickey Markoff
Debbie Mason
F. Ronald Mastriana
Mark McCormack
Thomas McDonald
Larry McGinnes
Jun McKinley
Elaine Micelli-Vasquez
Thomas Miller
Albert Miniaci
Richard Mooney
Gerald Morris
Michael W. Moskowitz
Max B. Osceola, Jr.
Dave Pedersen
Harvey E. Ramsey
D. Riley Richardson
Michael Robinson
Jon V. Rode*
Bruce Rossmeyer
Carolyn Russell
Nicholas Russis
George Schoenbacher
William E. Slaughter, Jr.*
Harris Solomon
Brent Spechler
William Stephenson
Joseph Teresi
William Thies, Jr.
Wanda Townsend
Gerald Weber
Michael Weinberg
Davis Weir*
D.P. Wetzel
Polly Wilbe
Louis Witt, Jr.
Pete Woods

EXECUTIVE DIRECTOR
David T. Hughes

*Deceased

February 12, 2001

Mrs. Georgeann Stanley
Parole Department
United States Courthouse
1099 East Broward Boulevard
Fort Lauderdale, Florida 33301

Dear Mrs. Stanley:

This letter serves a character reference on behalf of Stanley Lerner. I have known Stanley Lerner for the past two years as an active volunteer at the Nan Knox Boys & Girls Club. During that time, Stanley has demonstrated his passion for the community and the children immeasurably.

The Nan Knox Boys & Girls Club is comprised of youth ranging from 7 to 18 years of age with serious problems in the areas of family relationships, academic performance, and self-esteem. Stanley makes it a point to spend time with teens on a one-on-one basis to instill them a sense of respect for themselves and others, and the importance of setting goals and having the determination to achieve those goals. He has spent countless hours in teaching the members of this unit the importance of safety awareness through the Kids In Control program. The Kids In Control program entails bringing police departments, fire departments and other civic organizations into the club, which encompasses the safety needs of the community.

Stanley has been unselfish in his giving and his care even though he suffers from severe asthma. A recent bout with a serious heart condition, which progressed into an angioplasty, prevented him from volunteering for a month. During that month, he faithfully called every other day to communicate with the club members to ensure their continued focus and motivation on the many programs that were being implemented.

**DEFENDANT'S EXHIBIT 1**

*Stanley Lerner Recommendation*

LESTER H. WHITE UNIT 2001 DAVIE BOULEVARD, FORT LAUDERDALE, FLORIDA 33312 (954) 791-7344
NAN KNOX UNIT 632 NORTHWEST 2nd STREET, FORT LAUDERDALE, FLORIDA 33311 (954) 463-6392
THOMAS D. STEPHANIS UNIT 212 NORTHWEST 18th STREET, POMPANO BEACH, FLORIDA 33060 (954) 941-2697
WILLIAM E. SLAUGHTER, JR. UNIT / S. ROBERT LEVINE CAMPUS 7201 KIMBERLY BOULEVARD, NORTH LAUDERDALE, FLORIDA 33068 (954) 726-3927
MARTI HUIZENGA UNIT 1111 NORTH 69th WAY, HOLLYWOOD, FLORIDA 33024 (954) 963-0626
LAUDERHILL UNIT 1800 BOYS & GIRLS CLUB DRIVE, LAUDERHILL, FLORIDA 33313 (954) 731-3552
DR. HAROLD REITMAN UNIT 3025 WEST BROWARD BOULEVARD, FORT LAUDERDALE, FLORIDA 33311 (954) 797-7097
CARVER RANCHES UNIT 2208 SOUTHWEST 44th AVENUE, HOLLYWOOD, FLORIDA 33023 (954) 987-8787
DAVIE UNIT 7481 NORTHWEST 37th STREET, DAVIE, FLORIDA 33024 (954) 433-9000
CREATIVE ARTS UNIT 2200 NORTHWEST 9th AVENUE, FORT LAUDERDALE, FLORIDA 33311 (954) 566-8006
JIM & JAN MORAN UNIT 27 SOUTH DIXIE HIGHWAY, DEERFIELD BEACH, FLORIDA 33441 (954) 725-5545


United Way

*February 12, 2001*
*Page 2*

Recently, Stanley disclosed this pending situation to prepare us for forthcoming circumstances which prompted me to write this letter of reference. At sixty-seven years of age, Stanley's character can be described as warm, passionate, open-minded, and faithful. His personal commitment to many worthwhile causes enables him to set and accomplish larger goals, which is a sterling example for the youth we serve.

As the Service Director of the Nan Knox Boys & Girls Club, Stanley can be considered a model volunteer. He has earned my respect in the highest regards and can be considered an outstanding volunteer, role model, and friend.

Due to Stanley's outstanding contributions and dedication to the Nan Knox Boys & Girls Club, we hope that this letter will serve as a validation of his character and stability and that you will find favor on Stanley's behalf that he may continue his work at the Nan Knox Boys & Girls Club.

Very truly yours,

Markes L. Thomas, Service Director

Nan Knox Boys & Girls Club
832 NW 2nd Street
Fort Lauderdale, Florida 33301
(954) 463-8933 or (954) 463-6392