UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE-DIVISION

STANLEY LERNER,  *
    PETITIONER,  *  CASE NUMBER: 00-6127-CR-DMM-001
VS.
UNITED STATES OF AMERICA,  *
    RESPONDENT.  *
                      *

### NOTICE OF APPEAL
### FOR A REVIEW UNDER TITLE 18 U.S.C. § 3742 OF THE DISTRICT COURT'S DECISION PURSUANT TO U.S.S.G. § 5K2.0 FOR POST CONVICTION REHABILITATION:

Now Comes, Stanley Lerner, pro-se, (herein) petitioner, representing himself, requests and file's this **notice of appeal's** for a review of the district court's decision dated September 24, 2001 and pursuant to the government's response dated no date of September, 2001. Also requests this court allow petitioner the latitude afforded to pro-se litigant in accordance to **Haine Vs. Kerner, 404 U.S. 514 30 L.ed.2d (1972),** motion to correct or modify petitioner's sentence for his **"rehabilitation".**

Petitioner, moves to this court of appeals for a review of the district court's decision to consider a downward departure from the sentencing guidelines pursuant to U.S.S.G. § 5K2.0, that allows the court's to go out-side the heartland for petitioner rehabilitation motion, since petitioner incarceration. For the above reasons petitioner would state the following pages below:



Since his incarceration the Petitioner has rehabilitated himself and increased his maturity by his efforts, work, and through schooling.

The Petitioner request that the Court will consider a downward departure in the instant offence persuant to U.S.S.G. § 5K2.0.

The Supreme Court of the United States has given the green light to downward departures for any reason not prohibited by the Guidelines. <u>Koon vs. United States</u>; 518 US____, 116 S. Cr. 2035, 135 L. Ed. 2d 392 (1996). The latest basis for a downward deaprture includes: Job loss to innocent employees, <u>United States vs. Olbres</u>; 99 F.3d 28 (1st Cir. 1996); and community service, <u>Crause vs. United States</u>; ____U.S.____, 136 L. Ed. 2d 3 (Oct. 7, 1996)(vacating for the 6th Circuit's decision of 78 F. 3d 1097 and remanding for further consideration in light of <u>Koon</u>).

A downward departure may be appropiate if the conduct in question or circumstances of the Case falls outside of the <u>heartland</u> of the typical conduct described by each of the Guideline provisions, <u>United States vs. Chotas</u>; 968 F. 2d 1193 (11th Cir. 1992). A sentecing court may depart even if the circumstances presented by the Case vary only in degree from that embodied by the Guidelines. <u>Id</u>. at 1195; <u>United States vs. Ponder</u>; 963 F.2d 1506 (11th Cir. 1992); <u>See also</u> U.S.S.G. Ch. 1 Pt A4(b).

Under the U.S.S.G. § 5K2.0, the sentencing Court may impose a sentence outside the range established by the applicable Guidelines if the Court finds that there are agravating or mitigating circumstances of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described.

Sometimes one factor may not be sufficient to qualify the defendant for a downward departure; however, <u>multiple factors taken together</u> may make

(2)

a case sufficiently unusual to warrant departure. United States vs. Ramirez; 792 F. Supp. 922, 927 (E.D. N.Y.); United States vs. Rivera; 994 F. 2d 942, 947 (1st Cir. 1993). Even where the factors are intermingled with improper grounds, the remaining factors that are acceptable will not change the Court's authority and decision for a downward departure. United states vs. Alba; 933 F. 2d 1117 (2nd Cir. 1991); United States vs. Franklin; 902 F. 2d 501, 508-509 (7th Cir.) cert. denied, _____ U.S._____, 111 S.Ct. 1144, 107 L.Ed. 2d 229 (1990); United States vs. Rogriguez; 882 F. 2d 1059, 1068 (6th Cir.1989), cert. denied, _____U.S. _____, 110 S. Ct. 1144, 107 L. Ed. 2d 1048 (1990) (stating, in dicta, that the better approach is to affirm a departure if the amount of departure is reasonable), cert. denied, _____U.S. _____, 111 S.Ct 1608, 113 L.Ed.2d 670 (1990), primarily because such approach is most consistent with the reasonable standard of departure under U.S.C. § 3742(e)(3). See Hummer; 916 F. 2d at 195 n.8 and Franklin; 902 F.2d at 508-09.

In the United States Supreme Court case of Williams vs. United States; 503 U.S. 193, 117 L.Ed. 2d 341, 112 S.Ct. 1112 (1992) the Court held that a Federal District Court's departures from the United States Sentencing Guidelines sentencing range is valid whether the departure is based on valid or invalid factors. The Court interpreted 18 U.S.C. § 3742 (f) (2) and held that a sentence can be "reasonable" even if some of the reasons given by the District Court to justify a departure from the presumptive guidelines range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure.

It is clear that the Court must first identify those facts, events and circumstances that are mitigating or unusual of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in

formulating the Guideline. U.S.S.G. § 5K2.0 <u>United States vs. Taylor</u>; 88 F. 3d 938, 945 (11th Cir. 1996). The totality of the facts, events and circumstances "may well converge to create the unusual situations not contemplated by the Commission". <u>United States vs. Parham</u>; 16 F. 3d 844, 848 (8th Cir. 1994).

The Supreme Court Case of <u>Koon vs. United States</u>; ____ U.S ____, 116 S.Ct. 2035, 135 L.Ed. 2d 392 (1996) established an abuse of discretion test for downward departures. <u>United States vs. Bernal</u>; 90F. 3d at 467. The <u>Koon</u> case held that The Sentencing Reform Act of 1984 (the "Act") did not eliminate all the District Court's sentencing discretion, and the sentencing court is not limited to departures that only satisfy the statutory sentencing goals of deterrence, incapacitation, retribution, and correction. <u>See also United States vs. Pullen</u>; 89 F. 3d 368 (7th Cir. 1996); and that the sentencing court will be given " substancial deference" to its departures. <u>United States vs. Weise</u>; 89 F. 3d 502, 506 (8th Cir. 1996); <u>United States vs. Sablan</u>; 59 Crl 1416, No. 94-10534.

The <u>Koon</u> Case also provided "the following analysis for determining whether a departure from the applicable Guidelines is warranted".

    1. What features of this case potentially take it outside the Guidelines 'heartland' and make it a special, or unusual case?

    2. Has the Commission forbidden departures based on those features?

    3. If not, has the Commission encouraged departures based on these features?

    4. If not, has the Commission discouraged departures based on those features?

<u>See United States vs. Taylor</u>; 88 F. 3d 945; <u>Koon</u>, <u>supra</u>, at 2045.

The <u>Koon</u> opinion then discussed its applications as follows:

(4)

> ... If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departures. If the special factor is an <u>encouraged factor</u>, the Court is authorized to depart if the applicable Guidelines does not already take it into account. If the special factor is not discouraged, or an encouraged factor already taken into account by the applicable Guideline, the Court should depart only if the factor is present only to an exceptional degree or if in some other way makes the case different from the ordinary case where the factor is present. If the factor is unmentioned in the Guidelines, the Court must, after considering the structure and theory of both relevant individual Guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guidelines heartland. The Court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be highly infrequent.

<u>Taylor</u>, <u>supra</u>, at 946; <u>Koon</u>, <u>supra</u>, at 2045 (citations and internal quotations marks omitted).

In other words, departures are reserved for the "unusual" cases where there is something atypical about the defendant or the circumstances surrounding the commission of the crime. <u>United States vs. Holland</u>; 22 F. 3d 1040, 1047 (11th Cir. 1994); <u>cert. denied</u>, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed. 2d 461 (1991).

Sentencing Guidelines departures criteria cannot be deemed impermissible in all circumstances unless categorically foreclosed by the Sentencing Commission. U.S.S.G. § 5K2.0; <u>United States vs. Hardy</u>; 99 F. 3d 1242 (1st Cir. 1996).

In addition the Supreme Court in the <u>Koon</u> case held that generally courts should not categorically reject a factor as a basis for departure from a Guideline sentence because:

> Congress did not grant federal courts authority to decide what sorts of sentencing considerations are inappropiate in every circumstance. Rather U.S.C. § 3553(b) instructs a court that, in determinig whether there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately considered,

> it should consider "only the Sentencing Guidelines Policy Statements and official commentary of the Sentencing Commission."....
> The Commission set fort factors courts may not consider under any circumstance but made clear that with those exceptions, it "does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the Guidelines, that could constitute grounds for departure in an unusual case". 1995 U.S.S.G., Ch. I, Pt. A Intro. Comment 4(b).
>
> Thus, for the Courts to conclude a factor must not be considered under any circumstance would be to transgress the policy making making authority vested in the Commission.

Koon, supra, at 2045 (emphasis added).

It is well founded in the law that a statute abrogates federal common law if it "speak[s] directly to the question addressed by the common law;" however, it is not necessary for Congress to "affirmatively proscribe" the commom law. Astoria Fed. Sav. & Loan Ass'n vs. Solimino; 501 U.S. 104, 105108, 111 S.Ct. 2166, 2168-70 115 L.Ed. 2d 96 (1991). The statutory language governs the Court's interpretation unless clearly expressed, contrary legislative intent exists. Kaiser Aluminum & Chem. Corp. vs. Bonjorno; 494 U.S. 827, 110 S.Ct. 1570, 108 L. Ed. 2d 842 (1990); F.D.I.C. vs Bates; 42 F.3d 369, 371 (6th Cir. 1994).

Petitioner's position is that under Chapter Five (5) of the Sentencing Guidelines, the Court can consider a departure "only if the factor present in an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. Koon, supra, at _____. In United States vs. Griffiths; 954 F. Supp. 738 (D. Vt. 1997), the Court granted a downward departure for "extraordinary rehabilitation efforts and in the light of the totality of the circumstances". Id. at 741. The defendant in Griffiths had become involved in both drugs and drug sales, including three (3) sales of LSD, one of which was for one thousand (1,000)

hits, over an eight (8) month period. Aided by his family and after his arrest, the defendant "turned his life around dramatically", becoming involved in intensive drug counseling, obtaining jobs and performing well at them, furthering his education, and engaging in community service. The same scenario that the District Court departed in Griffiths, in the post-conviction rehabilitation that the Petitioner requests this Court to consider in the instant case. See also United States vs. Shasky; 939 F. Supp. 695 (D. Neb. 1996).

In the instant case the Petitioner was sentenced to a term of twenty four (24) months. He received a 5K1.1 Motion from the U.S. Attorney for substancial assistance given to the Government. In fact the Petitioner was the first Defendant to come forward admit responsability and cooperate. In fact Petitioner volunteered to be wired to obtain indisputable proof against the main defendant in this case, who prior to the trial died as a result of a serious auto accident, one James 'Jim' Christenson. This offer was on the lip of being effectuated when it was called off by the U.S. Attorney, due to Mr. Christenson being represented by counsel. The U.S. Attorney's office thought this might be considered improper tacticts and non-acceptable evidence obtained by his office. Petitioner's cooperation extended to the State of Florida's Comptrollers Office and the Internal Revenue Service.

The Petitioner is very close to his wife, step children, offspring, and family. The Petititoner's wife Agusta Vono-Lerner's letter is attached and made a part hereof. The Second Circuit has granted a downward departure for extra ordinary family circumstances in United States vs. Galante; 111 F. 3d 1029 (2nd Cir. 1997).

After the initial charge Petitioner started his post-arrest, and pre/post conviction rehabilitation.

Petitioner without any prescription and of his own volition volunteered at the Local Chapter of the Broward County Boys and Girls Club located at N.W, 2nd Street and 4th Avenue, Fort Lauderdale, Florida. At this chapter knowing no one he volunteered to work. The Director Mrs. Brenda Fullmore took his application and sent him to obtain blood tests and urine analysis. After completion of these tests and interviews he went to work for the Nan Knox Boys and Girls Club. The work schedule was five (5) days a week from 3:00 P.M. to 6:00 P.M., plus nights when there were Inter Club Basketball games, dances or other events. Volunteer schedule also extended to weekends as Chaperon and Group Leader to Golf Tournaments and Miami Dolphin's Football games. Petitioner's volunteering was done with a full heart, love, and affection for the chidren without any reservations. The Boys and Girls Club honored Petitioner as one of the Volunteers of the Year. Petitioner informed Director Mrs. Brenda Fullmore of his present personal situation and of taking responsability in the instant case. The position of The Boys and Girls was and still is that, this was not a criminal offense which could possibly place the children in any compromising or potentially dangerous situation. Petitioner's duties at the Boys and Girls Club consisted of tutoring in arithmetic, spelling, vocabulary, reading, and general school work, this tutoring was done on a one to one basis and in small groups, also included was basic computer functions, and weight training.

Petitioner conducted a special program in conjunction with the City of Fort Lauderdale Police Department, called "KIDS IN CONTROL", this program is an attempt to educate, have interplay, with individual and group participation in situations which produce a safer more moral and tolerant youth society.

Part of the program inwhich Petitioner participated was helping children from minority backgrounds deal with "anger management", safety rules and personal compliance with the law. Petitioner never missed a day of work except for a brief hospital stay.

Petitioner suffered a severe heart problem while he was incarcerrated in Miami, Florida, awating designation by the Bureau of Prisons to an Institution. During that time Petitioner was hospitalized at Jackson Memorial Hospital for six (6) days, [Note: Copy of Hospital Record is attached]. A device called a defibrillator made by Medtronic U.S.A. which has a two-fold function which not only paces the heart beat but re-starts the heart in case of an emergency was implanted in the Petitioner during his hospital stay on April 19, 2001. [Note: Copy of letters from Alberto Interian, M.D. Chief Cardiologist at Jackson Memorial Hospital are attached].

After release from the hospital Petitioner was sent to Devens Medical Center a B.O.P. facility in Ayers, Massachusets for internment. At Devens Medical Center Petitioner worked as a tutor in the Education Department. Petitioner not only carried out his required teaching curriculum but also did individual tutoring from 8:00 A.M. to 3:30 P.M. Besides this schedule Petitioner volunteered to tutor at night and on weekends. His tutoring encompased GED and GED preparation (pre-GED), Math, English, and English as a Second Language (ESL), plus he helped the students develop the ability to write essays and letters in English. Petitioner studied and improved his own language skills as part of his rehabilitation. This work served as a preview of Petitioner's future vocational goal as a teacher of English as a second Laguage. The South Florida area is overwhelmed with Latin background residents seeking a new life and the need for English education

(9)

is a must to further their educational, vocational, and citizenship progress. This is a special and much needed skill in his community.

Since his arrival at Atlanta Federal Prison Camp, Petitioner has continued his post-conviction rehabilitation by enrolling in study courses through the mail. First, a psychology course entitled "Psychology Applied to Modern Life". The course is an adjustment survey. It serves as a point of departure for more learning. The theme is taking charge of one's own life. The notion that active coping efforts are superior to passivity. The course has helped Petitioner understand his stress, and most important see through social influence tactics. Petitioner has rehabiliatted himself in the taking of this course through building of self steem. This course grants three (3) college credits. Second, a business course, "Accounting, A Business Perspective". This is a first year accounting course. This course in accounting has significantly benefited Petitioner. This has better prepared him for his responsability in administering a Language School, and with decision making with the use of accounting information. Accounting properly used will be a powerful tool in creating information to improve decisions that will affect business. This rehabilitation develops "Critical Thinking" which makes for the analysis of financial statements, ethics cases, and team projects.

This course focuses Petitioner on 'Ethical Prospectives' and also grants three (3) college credits. [Note: Copy of graded homework assigments attached].

Petitioner participates with the ALEPH ORGANIZATION OF SURFSIDE, in Miami Beach, Florida in which he does religious reading and activities by correspondence. [Note: See exhibits attached].

At the Federal Prison Camp in Atlanta, Petitioner is employed as a Clerk Administrator, in the Construction Deapertment, his tasks include but are not limited to, ordering supplies, keeping construction records, payroll and minor rehabilitation projects. Petitioner's monthly work evaluations have been scored outstanding by his supervisor and the Institution. [Note: See exhibits attached].

Petitioner is now sixty-nine (69) years old, and has suffered a severe halth set back with permanent heart problems. Petitioner is a Korean War Veteran, served four (4) years in the reserves, and two (2) years in active duty, he then received an Honorable Discharge with comendations and numerous medals.

Since post-conviction rehabilitation is not a forbidden factor, the Petitioner requests that this Honorable Court consider a downward departure in the instant case (offence), based upon decisions rendered in United States vs. Duce; 975 F. Supp. 17 (D.C. Cir. 1997), United States vs. Sally; 116 F. 3d 76 (3rd Cir. 1997), United States vs. Brock; 108 F. 3d 31 (4th Cir. 1997), and United States vs. Rhodes; 145 F. 3d 1375 (D.C. Cir. 1998).

Petitioner has no prior criminal record, having honorably served during the Korean War and being a model parent raised three (3) children who are superb citizens, their professions run the gamut from Physician, Broward County Court Judge, to Engineer.

The Petitioner has endevored to turn his life around by obtaining all the education that he can while encarcerrated, and by helping in the community.

The factors mentioned above should indicate to the Court that the Petitioner is deserving of a downward departure, of two (2) levels.

Wherefore, Petitioner requests that this Honorable Court evaluates this Motion based on its merits, and uses compassion and understanding to reach a downward departure based on extra ordinary post-conviction rehabilitation efforts, and that these rehabilitation efforts carry forth into effect the qualifications to grant the Relief requested.

## CONCLUSION

NOW COMES, Petitioner and prays that this Honorable Court will grant a <u>Two (2) Level Reduction</u> for post-conviction rehabilitation. Relief requested would appropriately and reasonably reflect Petitioner's efforts to better himself in order to be able to reintegrate back into society a full and more productive human being thus would reflect complete post-conviction rehabilitation.

_____
Date

_____
STANLEY LERNER, Pro-Se
Reg. No. 55107-004
FEDERAL PRISON CAMP
UNIT A-15
P.O. BOX 150160
ATLANTA, GA  30315-0182

## CERTIFICATE OF SERVICE

I Hereby Certify, that a true and correct copy of the foregoing **"Notice Of Appeals"** motion has been sent on this _____ day of September, 2001, placed in the institutional mail box deposit, with sufficient affixed, to the following:

UNITED STATES DISTRICT ATTORNEY OFFICE,
ASSISTANT UNITED STATES ATTORNEY,
JEFFREY KAY
500 EAST BROWARD BLVD., 7TH FLOOR
FORT LAUDERDALE, FLORIDA 33394

_____
Stanley Lerner, #55107-004, pro-se
Federal Prison Camp
P.O. Box 150160-A-15
Atlanta, Georgia 30315-0182