# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

June 11, 2002

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128



RE: 01-15791-II    USA v. Stanley Lerner
DC DKT NO.: 00-06127 CR-DMM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
 Original Exhibits, consisting of: one psi (1 PSI) Not opplds)
 Original record on appeal or review, consisting of: one volume

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-15791

District Court Docket No.
00-06127-CR-DMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY LERNER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 1 1 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: May 13, 2002
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1 3 2002
THOMAS K. KAHN
CLERK

No. 01-15791
Non-Argument Calendar

D.C. Docket No. 00-06127-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY LERNER,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(May 13, 2002)

Before EDMONDSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Stanley Lerner appeals the denial of his motion for a downward departure, pursuant to U.S.S.G. § 5K2.0, for lack of subject matter jurisdiction. Lerner argues that he is entitled to a downward departure under § 5K2.0 because of his previous work with disadvantaged youth, his poor health, his close ties with his family, and his attempts at rehabilitation since his incarceration. The district court denied Lerner's motion stating that his sentence became final on 8 March 2001, thereby relieving the district court of jurisdiction. We **AFFIRM**.

We review questions of subject matter jurisdiction de novo. Ochran v. United States, 273 F.3d 1315 (11th Cir. 2001). A district court may not modify a term of imprisonment once it has been imposed unless (1) it is determined on appeal to have been imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or to be unreasonable (Rule 35(a)), (2) upon the government's motion for reduction for substantial assistance made within one year after the sentence is imposed (Rule 35(b)), (3) within seven days after the imposition upon finding that there was arithmetical, technical, or other clear error (Rule 35(c)), (4) upon a motion of the Director of the Bureau of Prisons (§ 3582(c)(1)(A)), or (5) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered (§ 3582(c)(2)). 18 U.S.C. § 3582(c); Fed. R. Crim.P. 35. Because Lerner did not allege, and the record does not

show, that he qualified for a sentencing modification under Rule 35 or § 3582, the district court lacked subject matter jurisdiction.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: /s/
Deputy Clerk
Atlanta, Georgia